UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
MOHSEN KHOSHMOOD,                  )
                                   )
            Plaintiff,             )
                                   )
      v.                           )     Civil Action No. 17-0882 (ABJ)
                                   )
NANCY A. BERRYHILL,                )
Acting Commissioner of Social Security, )
                                   )
            Defendant.             )
_____)

**MEMORANDUM OPINION**

Plaintiff has brought an action in which he seeks review of a benefits determination made in his case by the Social Security Administration, and he demands millions of dollars in relief. Defendant has moved to dismiss the complaint [Dkt. 7], and plaintiff has opposed the motion. [Dkt. 11]. Because plaintiff has failed to exhaust the administrative steps available to a person challenging an agency decision, the motion will be granted. The Court recognizes that plaintiff may indeed find it difficult to make ends meet, but it emphasizes that the agency did find plaintiff to be entitled to receive some benefits, and any request for review of its decision must be presented to the agency first.

I. BACKGROUND

According to defendant, plaintiff has been eligible to receive disability benefits from the Social Security Administration since 2013:

> The plaintiff effectively applied for Title XVI disability payments on February 21, 2013. On May 14, 2013, the State Agency notified the plaintiff that it had approved his claim with onset date of February 21, 2013. *The plaintiff continues to be eligible for*

1

> *disability payments under Title XVI of the Social Security Act[.]*
> There is no indication in the record that the plaintiff filed a request for reconsideration, a request for hearing before an Administrative Law Judge, and a request for review of a hearing decision in connection with his claim for supplemental security income payments.

Brief in Support of Def.'s Mot. to Dismiss Pl.'s Compl., Levine Decl. ¶ 3 (emphasis added). Plaintiff initially received $710 per month. Levine Decl., Ex. 1 (Notice of Award dated May 14, 2013). Defendant changed the amount plaintiff was due for June 2016 and November 2016, and reduced Plaintiff's benefits to $661.50. *Id*.., Ex. 1 (Notice of Change in Payment dated February 21, 2017). In addition, because Plaintiff was ineligible to receive benefits for nine days in November 2016, he received $513.10 for the days he was eligible, November 10 through November 30, 2016. *Id*.

Plaintiff alleges that he "cannot live with this income in [the] USA." Compl. [Dkt. 1-2] at 1. The Court construes plaintiff's complaint, including its demands for judgment in the sum of $20 million, *id*., as a demand for increased benefits.

II. DISCUSSION

The Social Security Act permits judicial review of an SSA action only after a "final decision of the Secretary made after a hearing." 42 U.S.C. § 405(g). Ordinarily, a "final decision" comes about only after four-step administrative review process: "(1) an initial determination; (2) a reconsideration determination; (3) a hearing before an [Administrative Law Judge]; and (4) review by the Appeals Council." *Beattie v. Astrue*, 845 F. Supp. 2d 184, 191 (D.D.C. 2012) (citation omitted); *see* 20 C.F.R. §§ 404-900(a), 416.1400(a).

The Secretary's "final decision" is a jurisdictional prerequisite to filing suit in federal court. *See Ryan v. Bentsen*, 12 F.3d 245, 248 (D.C. Cir. 1993). The D.C. Circuit has explained that the "final decision" requirement "consists of two components, a presentment requirement and an

exhaustion requirement. Only the presentment requirement is purely jurisdictional in the sense that it cannot be waived. The exhaustion requirement, by contrast, can be waived." *Id.* (citing *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976)).

Plaintiff does not alleges in the complaint or argue in his opposition to defendant's motion that he requested reconsideration of the original benefits decision or any later change in payment; that he requested a hearing before an Administrative Law Judge; or that he sought review by the Appeals Council. Since plaintiff has not satisfied the presentment requirement, this Court lacks subject matter jurisdiction over his claim.

III. CONCLUSION

The Court grants defendant's motion and dismisses the complaint for lack of subject matter jurisdiction. An Order is issued separately.

/s/
AMY BERMAN JACKSON
United States District Judge

DATE: November 27, 2017